# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| WARRIOR MET COAL MINING, LLC, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| UNITED MINE WORKERS OF AMERICA, DISTRICT 20, *et al.*, | ) 7:20-cv-00648-LSC ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

Before the Court are Plaintiff Warrior Met Coal Mining, LLC's ("WMC" or "Plaintiff") Motion for Summary Judgment (Doc. 17) and Defendants United Mine Workers of America, District 20 ("District 20"); United Mine Workers of America, Local Union 2245 ("Local 2245"); and Bradley Nix's ("Nix") (collectively, "Defendants") Motion for Summary Judgment (Doc. 18). This action arises out Nix's termination and the subsequent arbitration proceeding. Plaintiff filed this action seeking the vacatur of the arbitrator's award, and Defendants counterclaimed seeking the enforcement of the award. The Court previously granted Plaintiff's Motion for Summary Judgment. (Doc. 29). Defendants filed a Notice of Appeal. (Doc. 30). The Eleventh Circuit issued a mandate reversing this Court's grant of

summary judgment. (Doc. 34). The Eleventh Circuit remanded the case for the Court to enter judgment for Defendants. Accordingly, for the reasons stated below, Plaintiff's Motion for Summary Judgment (Doc. 17) is due to be DENIED and Defendants' Motion for Summary Judgment (Doc. 18) is due to be GRANTED.

I. BACKGROUND

The facts pertaining to this case have been adequately discussed in this Court's Memorandum of Opinion dated January 15, 2021. (*See* Doc. 28).

II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact[1] and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). A genuine dispute as to a material fact exists "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (quoting *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001)). The trial judge

---

[1] A material fact is one that "might affect the outcome of the case." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

should not weigh the evidence but should determine whether there are any genuine issues of fact that should be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, trial courts must give deference to the nonmoving party by "view[ing] the materials presented and all factual inferences in the light most favorable to the nonmoving party." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1213–14 (11th Cir. 2015) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). However, "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Conclusory allegations and a "mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Melton v. Abston*, 841 F.3d 1207, 1219 (11th Cir. 2016) (per curiam) (quoting *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004)). In making a motion for summary judgment, "the moving party has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013) (per curiam). Although the trial courts must use caution when granting motions for summary judgment, "[s]ummary judgment procedure is properly

regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

## III.  DISCUSSION

When parties submit a case for arbitration pursuant to a CBA, the award "is treated as a contractual obligation that can be enforced through a [29 U.S.C. § 185] lawsuit." *United Steel v. Wise Alloys, LLC*, 642 F.3d 1344, 1349 (11th Cir. 2011). This Court "must defer entirely to the arbitrator's interpretation of the underlying contract no matter how wrong [this Court] think[s] that interpretation is," and that deference "means 'the sole question for [this Court] is whether the arbitrator (even arguably) interpreted the parties' contract." *Id.* at 1087–88 (emphasis added) (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)). "If [this Court] determine[s] that the arbitrator (even arguably) interpreted the parties' contract, [this Court] must end [its] inquiry and deny a motion for vacatur." *Id.* at 1088.

At issue is whether Stone exceeded his authority when he determined WMC lacked just cause to terminate Nix, and whether Stone's decision failed to draw its essence from the CBA. In its mandate, the Eleventh Circuit held that Stone arguably interpreted the agreement. As a result, this Court "must end [its] inquiry and deny a motion for vacatur." *Id.* at 1088. Accordingly, Plaintiff's Motion for Summary

Judgment (Doc. 17) is due to be DENIED and Defendants' Motion for Summary Judgment (Doc. 18) is due to be GRANTED.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Doc. 17) is due to be DENIED and Defendants' Motion for Summary Judgment (Doc. 18) is due to be GRANTED. The arbitration award is due to be enforced. A separate order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on June 8, 2022.

L. Scott Coogler
United States District Judge

206770